IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BENITO LOZANO AMAYA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-05-87 |
| | § | CRIMINAL ACTION V-03-74 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Benito Lozano Amaya's ("Amaya") Motion Pursuant to 28 U.S.C. § 2255 challenging his sentence in the Federal Bureau of Prisons ("BOP"). Dkt. No. 116.[1] After considering the Amaya's arguments and the applicable law, the Court is of the opinion that the motion should be denied.

**Factual Background**

On May 24, 2004, Amaya entered a plea of guilty to one count of aiding and abetting to distribute approximately 352 kilograms of marijuana. Dkt. No. 1; Dkt. No. 86. Subsequently, the Court received Amaya's Presentence Investigation Report ("PSI") and Amaya raised two written objections to the PSI. Dkt. No. 88. Amaya's objections concerned the calculation of his base offense level and adjustment for his allegedly minor role in the underlying offense. *Id.* On August 30, 2004, the Court heard arguments on Amaya's objections. Dkt. No. 106. On September 6, 2004, the Court entered judgment against Amaya and sentenced him to sixty months in prison to be followed by five years of supervised release. Dkt. No. 110. Amaya's sentence represented the

---

[1] Citations in this Order refer to cause number 6:03-cr-00074.

statutory minimum and the Court's rulings on Amaya's objections—whether favorable or not—would not have altered his incarceration or time under supervised release. *Id.*

Amaya's § 2255 motion does not challenge the voluntariness of his guilty plea or allege any other defects concerning the validity of his conviction. Instead, Amaya's § 2255 motion merely reiterates the objections to his PSI. Amaya's two grounds for relief asserted in his § 2255 motion are word-for-word replicas of the objections he previously lodged. *Compare* Dkt. No. 1 at 5 *with* Dkt. No. 88 at 1-2 (containing identical language). Amaya has not couched his grounds for relief in the context of an ineffective assistance of counsel claim or any other contention of a constitutional violation.[2]

Prior to the issuance of this order, the Court discovered that Amaya was released from prison on December 21, 2007. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp. Although Amaya failed to submit a notice of change of address indicating that he was no longer in prison, the Court has verified his release by a telephone call to the BOP.

## Discussion

As an initial matter, the Court notes that Amaya's challenge to the allegedly wrongful portions of his PSI are not now moot merely because he has been released from prison. The Fifth Circuit has determined that a petitioner's § 2255 motion is not necessarily moot when, after his release from prison, the petitioner remains on supervised release. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (because a district court may, in its discretion, modify a prisoner's term of

---

[2] Amaya's § 2255 motion alludes to several other petitions, applications and/or motions Amaya claims to have filed relating to this matter. Dkt. No. 1 at 3-4. However, the Court is not aware of any such filings. It appears that the "filings" Amaya refers to are merely textual portions of his plea agreement copied verbatim into his § 2255 motion. *Compare id. with* Dkt. No. 86 ¶2, 5 & 7 (containing identical language).

supervised release by considering that he has been "incarcerated beyond the proper expiration of his prison term," a prisoner's petition is not necessarily moot upon release) (quoting *United States v. Johnson*, 529 U.S. 53, 58-60 (2000)). This is so because a district court may alter the period of supervised release if it determines that the petitioner has served excess prison time. *Id.* Accordingly, Amaya's petition is not necessarily moot because the Court has the discretion to shorten his term of supervised release if it were to find he served an unnecessarily long sentence. The Court thus reads Amaya's § 2255 motion as asking the Court to vacate or reduce his sentence and revise the length of his supervised release.

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Id.* "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152 (1982).

Because Amaya's claims challenge the Court's application of the sentencing guidelines and the Court's treatment of his objections to the PSI, they are not cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines

is not a cognizable claim in a § 2255 motion); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.") (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Amaya's claims are not cognizable under the limited scope of relief available under § 2255 because they are not of constitutional dimension, could have been raised on direct appeal and there has been no showing as to why they were not. *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) (when prisoners bring claims clearly not constitutional in nature and have not demonstrated that they could not have been raised on direct appeal, they are not entitled to relief under § 2255). Therefore, the Court may not grant Amaya the relief he seeks and his motion is accordingly denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Amaya has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a Certificate of Appealability ("COA"). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*

*v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Amaya's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484).  Accordingly, Amaya is not entitled to a COA as to his claims.

## Conclusion

For the foregoing reasons, Amaya's 28 U.S.C. § 2255 Motion is **DENIED**.  The Court also **DENIES** Amaya a Certificate of Appealability.

It is so **ORDERED**.

Signed on this 13th day of February, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE